IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOY HUMES-POLLETT                                                                          PLAINTIFF

v.                                                                    Civil Action No. 2:07cv277KS-MTP

FAMILY HEALTH CENTER, INC.                                                          DEFENDANT

### ORDER DENYING MOTION TO TRANSFER VENUE

This matter is before the court on a motion to change venue [16] filed by plaintiff. Having reviewed the submissions of the parties and the applicable law, the court finds that the motion should be denied.

Plaintiff filed her original complaint in this action on August 16, 2007 in the Circuit Court of Hinds County, Mississippi, asserting claims against defendant Family Health Center for alleged violations of the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964, as well as other claims under state law. On October 24, 2007, defendant removed the case to this court [1]. Plaintiff then filed a motion to remand to state court [5], on the basis that the removal of the case was untimely. The motion to remand was denied on January 30, 2008 [12]. On March 6, 2008, plaintiff filed the instant motion to transfer venue [16], seeking to have this case moved to the Jackson Division.

28 U.S.C. § 1446(a) provides: "A defendant...desiring to remove any civil action...from a State court shall file in the district court of the United States for the *district and division* within which such action is pending a notice of removal..." (emphasis added); *see also* 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of

the United States for the *district and division* embracing the place where such action is pending.") (emphasis added).

Plaintiff argues that because Hinds County is part of the Jackson Division (*see* 28 U.S.C. § 104(b)(1)), this case was removed to the wrong division within the Southern District and, therefore, should be transferred to the Jackson Division. The court agrees with plaintiff that, pursuant to the above-cited authority, this case was removed to the wrong division within the Southern District.[1] However, this does not end the inquiry. Removal to an improper venue is a non-jurisdictional defect in removal procedure that may be waived by the plaintiff if not properly raised. *Hentz v. Kroger Co.*, 1997 WL 206746, at * 1 (N.D. Miss. Apr. 15, 1997) (*citing In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)); 14D Charles A. Wright et al., *Federal Practice & Procedure* § 3829 (2008); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

28 U.S.C. § 1447, which sets forth the procedures that govern an action after removal, states: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." As noted above, plaintiff did move to remand this case; however, the only ground asserted by plaintiff in support of that motion was that the notice of removal was not timely filed. Plaintiff did not argue that the case was removed to the wrong division within the Southern District. Accordingly, the court finds that plaintiff has waived her venue objection. *See Resolution Trust Corp. v. Sonny's*

---

[1] *See also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645-46 (5th Cir. 1994); *Woodforest Bank FSB v. Open Solutions, Inc.*, 2008 WL 314359, at * 1 (S.D. Tex. Feb. 1, 2008); *Esquivel v. GAC Express Inc.*, 2005 WL 3454114, at * 1 n.5 (W.D. Tex. Nov. 28, 2005); *Wells v. Greyhound Lines, Inc.*, 2002 WL 1610902, at * 2 (S.D. Miss. June 25, 2002).

*Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991) (holding that defendant waived venue objection by failing to timely file a motion to remand); *In re Shell Oil Co.*, 932 F.2d at 1523 (holding that plaintiffs waived any non-jurisdictional grounds for remand existing at the time of removal by not moving to remand within 30 days of notice of removal); *Hentz*, 1997 WL 206746, at * 1 (stating that "the plaintiff has a statutory right to assert a procedural defect within a prescribed period as grounds for remand) (*citing* 28 U.S.C. § 1447(c)); *Transportes Chichuahua, Inc. v. Ntex Transit, Inc.*, 2007 WL 1644038, at * 1 n.1 (S.D. Tex. May 31, 2007) (stating that although case was improperly removed to a particular division, that venue defect was waived by plaintiff's failure to file for remand).

In addition, the Hattiesburg Division is clearly the most appropriate venue for this action. As set forth in the complaint, plaintiff is a resident of Forrest County. Defendant is a non-profit organization located in Jones County.[2] All acts and omissions alleged by plaintiff in the complaint occurred in Jones County. Indeed, it does not appear that this case has any connection whatsoever to the Jackson Division.

Thus, for the foregoing reasons, the court finds that plaintiff's motion to change venue should be denied.

IT IS, THEREFORE, ORDERED and ADJUDGED that the motion to change venue [16] is denied.

SO ORDERED this the 26th day of March, 2008.

        s/ Michael T. Parker
        United States Magistrate Judge

---

[2] Both Jones and Forrest Counties are part of the Hattiesburg Division. *See* 28 U.S.C. § 104(b)(5).